UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin A. Perry, Jr.

v.                                    Case No. 21-cv-252-LM

Warden, FCI Berlin

REPORT AND RECOMMENDATION

Before the court are pleadings (Doc. Nos. 28, 29) filed by
federal prisoner Kevin A. Perry, Jr., stating that he is no
longer incarcerated at the Federal Correctional Institution in
Berlin, New Hampshire ("FCI Berlin"), where he had been when
this petition was filed.  Mr. Perry has been transferred to FCI
Fort Dix in New Jersey, a fact that warrants dismissal of this
petition, without prejudice, for the reasons explained below.

**Background**

Mr. Perry filed this § 2241 petition in 2021, while
incarcerated at FCI Berlin, seeking court-ordered release to
home confinement because, he claimed, the Federal Bureau of
Prisons ("BOP") had failed to protect him from COVID-19
infection and serious harm.  Although there are allegations in
the petition regarding good conduct time, the First Step Act,
and the CARES Act, Mr. Perry clarified in response to the
respondent's motion for summary judgment that his claims concern

the alleged unconstitutional conditions of confinement to which
he has been subjected while in BOP custody, most recently at FCI
Berlin, where he became infected with COVID-19 and where he
endured extended periods of isolation from others.  See Doc. No.
23 ¶ 1 & n.1, at 1 ("The issue raised by the § 2241 motion is
COVID-19 and the BOP's mismanagement of it."); Doc. No. 23 ¶¶ 3,
48, 49, at 2, 32.

On July 28, 2021, the undersigned magistrate judge issued a
Report and Recommendation ("R&R") (Doc. No. 24), which
summarized information in the record regarding Mr. Perry's
health history and precautions that had been taken at FCI
Berlin, including mask requirements and vaccination.  The July
28 R&R (Doc. No. 24) recommended that the district judge grant
the warden's motions for summary judgment (Doc. Nos. 12, 22),
deny Mr. Perry's motion for release on bail (Doc. No. 9), and
deny his § 2241 petition in its entirety.

Mr. Perry objected to that R&R (Doc. Nos. 25, 26) and filed
a motion (Doc. No. 27) seeking further court-ordered
supplemental briefing regarding his health status, vulnerability
to COVID-19 infection, and new evidence of what he considered to
be the FCI Berlin Warden's deliberate indifference.  The
district judge's September 23, 2021 Order took the July 28 R&R

(Doc. No. 24) under advisement,[1] pending the magistrate judge's review of the new information in Document Nos. 25, 26, and 27.

In Document Nos. 25, 26, and 27, Mr. Perry describes a COVID-19 outbreak at FCI Berlin which began in July/August 2021, after the July 28 R&R was issued.[2] In addition, in those filings, Mr. Perry argues FCI Berlin has not effectively and universally implemented BOP COVID-19 precautions. He reports that on July 30, 2021, he spoke with an unmasked, unvaccinated corrections officer who said that, because of staffing issues, he was allowed to work overtime among uninfected inmates after spending a shift in a unit where three inmates had tested positive. Doc. No. 25.

Then, sometime after October 1, 2021, before this court had issued any further ruling regarding the new information in Document Nos. 25, 26, and 27, BOP officials charged Mr. Perry with a disciplinary offense; a hearing officer found him guilty;

---

[1] For reasons stated in this R&R, the undersigned magistrate judge has issued an Order this date, withdrawing and vacating the July 28 R&R (Doc. No. 24).

[2] The New Hampshire Department of Health and Human Services ("NHDHHS") reports that an outbreak at FCI Berlin involving 36 inmate cases and 11 staff cases, which began on or about August 5, 2021, came to an end on October 12, 2021. See NHDHHS COVID-19 Updates, Dec. 8, 2021 & Aug. 5, 2021, https://www.covid19.nh.gov/news/dhhs-updates (last visited Dec. 13, 2021).

his custody level was increased; and he was transferred to FCI
Fort Dix.  Doc. No. 29.  He asks this court to direct the
respondent warden to re-evaluate his suitability for release to
home confinement under the CARES Act,[3] in light of his COVID-19
risk factors, including the conditions of his confinement at FCI
Fort Dix.[4]  Doc. No. 29, at 2.

### Discussion

I.    FCI Berlin Conditions

Mr. Perry asserts Eighth Amendment claims challenging the
conditions at FCI Berlin, a facility where he is no longer

---

[3] The cited provision of the CARES Act provides as follows:

During the covered emergency period, if the Attorney
General finds that emergency conditions will materially
affect the functioning of the [BOP], the Director of the
{BOP} may lengthen the maximum amount of time for which the
Director is authorized to place a prisoner in home
confinement under the first sentence of section 3624(c)(2)
of title 18, United States Code, as the Director determines
appropriate.

Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (Mar. 27,
2020) (citing 18 U.S.C. § 3642(c)(2)).

[4] The Bureau of Prisons ("BOP") online daily COVID report
states that on December 22, 2021, there were four FCI Fort Dix
staff members and six FCI Berlin staff members who were
confirmed active cases, while there were no confirmed active
cases involving inmates at either facility.  See BOP COVID-19
Cases, available at https://www.bop.gov/coronavirus/ (last
visited Dec. 22, 2021).

incarcerated.  Except where damages are sought, "[a] prisoner's
challenge to prison conditions or policies is generally rendered
moot by his transfer or release," as "'he no longer has a
legally cognizable interest in a judicial decision on the merits
of his claim.'" Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014)
(quoting Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007)).

     All of Mr. Perry's claims for damages have been dismissed
from this action.  See May 5, 2021 Order (Doc. No. 17)
(approving Apr. 5, 2021 R&R (Doc. No. 5)).  Mr. Perry's transfer
has mooted all of his remaining claims relating to the
conditions at FCI Berlin, as any relief this court could order
the respondent Warden to undertake would not redress his claims.
See Ford, 768 F.3d at 29; Sekerke v. Gore, No. 20-CV-1998 JLS
(MSB), 2021 U.S. Dist. LEXIS 195143, at *4 & n.2, 2021 WL
5299851, at *2 & n.2 (S.D. Cal. Oct. 8, 2021) (inmate's transfer
to state prison moots COVID-19 claims in habeas petition
regarding confinement in county jail).  Consequently, Mr.
Perry's petition for a writ of habeas corpus concerning the
conditions at FCI Berlin is properly dismissed as no longer
justiciable.


II.  Conditions at FCI Fort Dix and Other BOP Facilities

5

Mr. Perry asserts Eighth Amendment claims regarding what he considers to be his heightened risk of COVID-19 exposure if he remains confined at FCI Fort Dix or in other BOP facilities, as grounds for this court to direct his release to home confinement.  Jurisdictional and prudential considerations regarding advisory opinions, standing, redressability, and justiciability, as well as limits on this court's territorial jurisdiction, all warrant dismissal, without prejudice, of any § 2241 claims that Mr. Perry seeks to litigate here regarding the conditions at BOP facilities located outside of New Hampshire.  See, e.g., Beagle v. Easter, No. 3:20-CV-01894 (KAD), 2021 U.S Dist. LEXIS 49969, at *11, 2021 WL 1026885, at *4 (D. Conn. Mar. 17, 2021) (Eighth Amendment claims regarding petitioner's conditions of confinement at BOP facility to which she was transferred, "do not present a live case or controversy" against the warden of the BOP facility from which she was transferred, as that respondent "cannot plausibly be alleged to control the conditions surrounding [petitioner's] medical care" at the facility to which she was transferred); see also Lee v. Warden, No. 20-CV-148-PB, 2021 U.S. Dist. LEXIS 13565, at *2-7, 2021 WL 3066280, at *1-4 (D.N.H. July 1, 2021) (§ 2241 petition must be dismissed, without prejudice, due to lack of territorial

jurisdiction over new custodian), <u>R&R approved</u>, 2021 U.S. Dist. LEXIS 134768, 2021 WL 3055027 (D.N.H. July 20, 2021).

III. <u>Disposition of Pending Motions & July 28 R&R</u>

In light of Mr. Perry's transfer and its impact on the justiciability of his claims, the district judge should deny the following motions as moot:

- the warden's motion for summary judgment (Doc. No. 12);

- the warden's supplemental summary judgment motion (Doc. No. 22);

- Mr. Perry's motion for release on bail (Doc. No. 9); and

- Mr. Perry's motion for court order (Doc. No. 27).

In a separate Order issued this date, the undersigned magistrate judge has withdrawn and vacated the July 28 R&R (Doc. No. 24), as that R&R is rendered advisory if the motions addressed in that R&R are denied for reasons stated in this R&R.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss this § 2241 petition as no longer justiciable and deny all of the pending motions (Doc. Nos. 9, 12, 22, 27) as moot. Judgment should enter, without prejudice to Mr. Perry's ability to file a new petition naming his current custodian as the

respondent, in a court where such claims may properly be adjudicated, and this case should be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

December 23, 2021

cc:  Kevin A. Perry, Jr., pro se
     Seth R. Aframe, Esq.